## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

LAWRENCE EDWARD MADISON,   )
                                     )
        Petitioner,          )
                                     )
v.                                 )          CV421-136
                                     )
VANCE LAUGHLIN,           )
                                     )
        Respondent.     )

## REPORT AND RECOMMENDATION

Lawrence Edward Madison has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging various defects in his state criminal case. Doc. 1. He does not assert any new substantive grounds in the instant petition, but only incorporates grounds raised in his state petition. *See* doc. 1 at 5-10. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Madison's state collateral challenges to his conviction remain pending. *See* doc. 1 at 3-5 (discussing habeas petition filed in Tattnall County Superior Court on June 30, 2017). Madison's petition specifically objects that "Tattnall County Superior Court has failed or neglected for

two (2) years to issue [an] order [on his habeas petition]." *Id.* at 5.[1] Before

seeking § 2254 relief, however, petitioners must "fairly present" their

claims to state courts to give them a "full and fair opportunity to resolve

_____

[1]  Exhaustion is not required where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b).  The passage of even two years without response from the state court does not excuse the exhaustion requirement to invoke this Court's jurisdiction.  *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (despite eight-year delay in adjudication of state habeas petition, exhaustion requirement upheld where state court eventually adjudicated state habeas petition and petitioner had a "viable state procedure available").

Madison's exhibits and argument, to the extent that they address the status of his state proceedings, only bolster the conclusion that the delay has not rendered the state process ineffective.  Madison has included correspondence from the Tattnall County Superior Court, dated January 22, 2021, assuring him that his "case has not been forgotten and [he] will receive a final order as soon as possible."  Doc. 1-9 at 14.  The circuit court authority that Madison cites supporting the argument that delays in disposition commensurate with the delay here are relatively old.  *See* doc. 1 at 14 (citing *Breazeale v. Bradley*, 582 F.2d 5 (5th Cir. 1978), *Jules v. Beto*, 462 F.2d 1365 (5th Cir. 1972).  The case he cites from this Court, *Sloan v. Chapman*, involved a much longer delay—some 11 years—and the habeas petition in question was ultimately dismissed for failure to exhaust.  *See Sloan v. Chapman*, 2011 WL 60332961, at * 1 (S.D. Ga. Nov. 30, 2011) (Hall, J.) ("[N]otwithstanding the substantial delay in his state court proceedings . . . Petitioner must complete all available state procedures before brining such a claim in a federal habeas petition." (citing, *inter alia*, *Hughes*, 780 F.2d at 1581)).  As Judge Barfield explained, albeit in a disposition subsequent to that relied upon by Madison, "under Eleventh Circuit law, even after a long delay has passed, if it is clear that the state court has awakened to its duties and that visible progress toward disposition of the case is being made, the federal court should typically require the petitioner to complete the available state procedures before bringing his claims in a federal habeas petition."  *Sloan v. Chapman*, 2011 WL 6003831, at * 4 (S.D. Ga. Sept. 13, 2011).  The letter from the Superior Court indicates that the state court is aware of its duty.  Given that indication, the delay alone is insufficient to excuse Madison's failure to exhaust the state process.

federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Madison, by his own admission, has yet to do that. He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). That includes awaiting a response from the state court.

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED without prejudice** for lack of exhaustion.[2] This Report and

---

[2] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage

of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see*

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua*

*sponte* denial of COA before movant filed a notice of appeal).  And, as

there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

  **SO REPORTED AND RECOMMENDED,** this 6th day of May,

2021.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia