IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LAWRENCE EDWARD MADISON )
)
    Petitioner, )
)
v. ) CASE NO. CV421-136
)
VANCE LAUGHLIN, )
)
    Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's May 6, 2021, Report and Recommendation (Doc. 2), to which Petitioner has filed objections (Doc. 3). After a careful de novo review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

On May 4, 2021, Petitioner filed this habeas petition under 28 U.S.C. § 2254 alleging various defects in his state criminal case. (Doc. 1.) The Magistrate Judge recommended dismissal of Petitioner's petition because Petitioner has yet to exhaust available state remedies. (Doc. 2 at 1-3.) As the Magistrate Judge highlighted, Petitioner's state habeas petition remains pending in Tattnall County Superior Court. (Id. at 1-2.) In his objections, Petitioner contends that his failure to exhaust should be excused due to the length of time his state action has been pending. (Doc.

3 at 2-3.) Specifically, Petitioner contends that the state habeas court "has had jurisdiction over [his state habeas action] since June of 2017[,]" including "two (2) continuances attributable to the Petitioner totaling eight (8) months . . . ." (Id. at 2.)

Courts may excuse a petitioner's failure to exhaust state remedies if "circumstances exist that render [state processes] ineffective to protect [his] rights . . . ." 28 U.S.C. 2254(b). The United States Court of Appeals for the Eleventh Circuit has made clear that "it would be inappropriate to waive the exhaustion requirement where the petitioner has a viable state procedure available at the same time he files his federal petition." Hughes v. Stafford, 780 F.2d 1580, 1581 (11th Cir. 1986). Deviation from the exhaustion requirement should only occur in "rare instances," and the Eleventh Circuit has affirmed dismissal where a petitioner might present the issue in a state forum "by any available procedure," including a petition for a writ of mandamus. Jackson v. Walker, 206 F. App'x 967, 968-69 (11th Cir. 2006). The two-year delay Petitioner alleges in this case is simply not sufficient to justify waving the exhaustion requirement under § 2254.[1] See id.

---

[1] The particular circumstances of the delay Petitioner points to only emphasize that waiver of the exhaustion requirement would be inappropriate. As the Magistrate Judge noted, the state court advised Petitioner by letter that his "case has not been forgotten and . . . will receive a final order as soon as possible[,]" (Doc. 1, Attach. 9 at 14), and demonstrates "visible progress toward disposition of the case is being made. . . ." (Doc. 2 at 2 n.1 (quoting Sloan v. Chapman, No. CV 110-096, 2011 WL 6003831, at *4

2

(affirming dismissal of § 2254 petition for lack of exhaustion despite state petition pending for two years without ruling); Hughes, 780 F.2d at 1581-82 (affirming dismissal of § 2254 petition for failure to exhaust state remedies despite eight-year delay in the state's ruling).

Accordingly, Petitioner's objections are **OVERRULED** and the report and recommendation (Doc. 2) is **ADOPTED** as the opinion of the Court. Petitioner's petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so

---

(S.D. Ga. Sept. 13, 2011)). Although Petitioner's objection rejects that correspondence as a "form letter . . . with little connection to the actual efforts of the state tribunal to comply with due process and the awakening to it's [sic] duties[,]" (Doc. 3 at 4), his skepticism alone is insufficient to justify waiving § 2254's express exhaustion requirement. More generally, the Court notes that the COVID-19 pandemic has caused considerable disruption in the operation of courts throughout this state and nation. Even assuming, then, that a two-year delay might be sufficient to waive the exhaustion requirement under normal circumstances, both the exceptional circumstances of the COVID-19 pandemic and the evidence that the state court is aware of its duties, establish that this case is not among the "rare instances" when waiver of exhaustion would be appropriate.

3

no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 30th day of August 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA